**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
Lori Bings

Case No.: _____17-32506_____

Judge: _____ABA_____

Debtor(s)

## Chapter 13 Plan and Motions

☒ Original ☐ Modified/Notice Required Date: _____

☐ Motions Included ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/ SW__    Initial Debtor: __/s/LB__    Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a. The debtor shall pay $ _____250.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____December 1, 2017_____ for approximately _____60_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

  ☒   Future earnings

  ☐   Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

  ☐ Sale of real property
  Description:
  Proposed date for completion: _____

  ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☒ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: May 2018_____

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection** ☒ **NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,960.00 |
| DOMESTIC SUPPORT OBLIGATION | n/a | n/a |
| IRS | taxes | notice only |
| State of New Jersey | taxes | notice only |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

| **Part 4:** | **Secured Claims** |
|---|---|

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Us Bank -Mortgage on Residence Located at 2296 Musterel Lane vineland NJ 08361 Debtor will Pusue Loan Modification outside of the Bankruptcy. to Be completed by May 2018

| **g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE** | | |
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| | | |

**Part 5:    Unsecured Claims ☒ NONE**

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☒ Not less than $ _____0.00_____ to be distributed *pro rata*

        ☐ Not less than _____ percent

        ☐ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 6:    Executory Contracts and Unexpired Leases ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

**Part 7:    Motions ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   **a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

   **b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☐ NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority Claims
3) Secured Claims
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _____      /s/ Seymour Wasserstrum_____
                                                                           Attorney for the Debtor

Date: _____      /s/_____
                                                                           Debtor

Date: _____      _____
                                                                           Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: _____        /s/ Seymour Wasserstrum_____
                                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: _____        /s/_____
                                              Debtor

Date: _____        _____
                                              Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-32506-ABA
Lori Bings                                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1        User: admin              Page 1 of 2             Date Rcvd: Nov 21, 2017
                            Form ID: pdf901          Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 23, 2017.
```
db              +Lori Bings,    2296 Musterel Lane,     Vineland, NJ 08361-7293
517163825        Bank Of America,    PO Box 7047,    Dover, DE 19903-7047
517163827       ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                 (address filed with court: Capital One,     PO Box 85015,    Richmond, VA 23285-5015)
517177637       ++CREDIT ACCEPTANCE CORPORATION,     25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034-8316
                 (address filed with court: CREDIT ACCEPTANCE,      25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034)
517163826       +Caine & Weiner,    9960 Corp Campus Drive,     Louisville, KY 40223-3008
517163828       +Chase Card Services,    P.O. Box 15298,     Wilmington, DE 19850-5298
517163829       +Credit Acceptance,    PO Box 513,    Southfield, MI 48037-0513
517163833       +First Premier,    900 West Deleware Street, Suite,     Sioux Falls, SD 57104-0337
517163834       +Genesis BC/Celtic Bank,    268 S. State St STE 300,     Salt Lake City, UT 84111-5314
517163835       +Ginnys,    1112 7th Ave,    Monroe, WI 53566-1364
517163840       +Mid America Bank & Trust,     216 W. 2nd St,    Dixon, MO 65459-8048
517163842       +Oasis 1 Marketing Group,     Po Box 959,    Wood Dale, IL 60191-0959
517163843        Oasis Traid Group,    4755 N 48St STE c,     Los Angeles, CA 90010
517163844       +Spot Loan,    PO Box 927,    Palatine, IL 60078-0927
517163847       ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
                 (address filed with court: US Bank,     425 Walnut Street,    Cincinnati, OH 45202)
517163848       +Victoria Secret,    Po Box 182789,    Columbus, OH 43218-2789
517163838       +maxlend,    PO Box 46360,    Eden Prairie, MN 55344-3060
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Nov 22 2017 00:05:18      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 22 2017 00:05:16      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517163830       +E-mail/Text: bankruptcy_notifications@ccsusa.com Nov 22 2017 00:06:02
                 Credit Control Service,    725 Canton St.,    Norwood, MA 02062-2679
517163831       +E-mail/PDF: creditonebknotifications@resurgent.com Nov 22 2017 00:27:23      Credit One Bank,
                 PO BOX 98873,    Las Vegas, NV 89193-8873
517163832        E-mail/Text: bnc-bluestem@quantum3group.com Nov 22 2017 00:05:50      Finger Hut,    PO Box 166,
                 Newark, NJ 07101-0166
517163835       +E-mail/Text: bankruptcy@sccompanies.com Nov 22 2017 00:06:18      Ginnys,    1112 7th Ave,
                 Monroe, WI 53566-1364
517163836        E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 00:27:20      JC Penney,    2004 Bassett Avenue,
                 C/O Gecc,    El Paso, TX 79901-1923
517163837       +E-mail/Text: bnckohlsnotices@becket-lee.com Nov 22 2017 00:04:33      Kohls,    PO Box 3115,
                 Milwaukee, WI 53201-3115
517163839        E-mail/Text: bkr@cardworks.com Nov 22 2017 00:04:16      Merrick Bank,    PO Box 5721,
                 Hicksville, NY 11802-5721
517163841       +E-mail/Text: bankruptcy@moneylion.com Nov 22 2017 00:05:52      Money Lion,    Po box 1547,
                 Sandy, UT 84091-1547
517163845       +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 00:28:27      Syncb/American Eagle,
                 Po Box 965005,    Orlando, FL 32896-5005
517166796       +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 00:29:41      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517163846       +E-mail/Text: bknotices@totalcardinc.com Nov 22 2017 00:05:19      Total Card,
                 5109 S Broadband Lane,    Sioux Falls, SD 57108-2208
                                                                                              TOTAL: 13
```

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2017                          Signature:  /s/Joseph Speetjens

```
District/off: 0312-1          User: admin                Page 2 of 2              Date Rcvd: Nov 21, 2017
                              Form ID: pdf901            Total Noticed: 29
```

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 20, 2017 at the address(es) listed below:
              Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    U.S. Bank Trust, N.A. et. al. rsolarz@kmllawgroup.com
              Seymour   Wasserstrum    on behalf of Debtor Lori   Bings mylawyer7@aol.com,  ecf@seymourlaw.net
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                  TOTAL: 4
```